## Commonwealth v. Grover

*Thomas A. Parke, 3rd,* for Commonwealth.
*John S. Halsted,* for defendant.

RILEY, J., August 16, 1967.—The information filed in the above summary proceeding averred only that defendant failed to drive on the right-hand side of the road in seeking to charge him with violation of section

1004 of The Vehicle Code of April 29, 1959, P. L. 58. The information did not state that the road was of sufficient width or was a two-way street nor include the negating of the several exceptions in the section.

We coincide with the view of Judge Sheely of Adams County in Commonwealth v. Warner, 3 D. & C. 2d 497, and followed by Judge Pinola of Luzerne County in Commonwealth v. Ide, 20 D. & C. 2d 358, that the fact of the operation being on a highway of sufficient width and upon a two-way street are elements necessary to the offense itself and must be averred in order for the information to allege properly the nature of the violation of The Vehicle Code. Averments of the several exceptions is not necessary as they are specific circumstances in which the right lane rule would not apply and the burden rests upon defendant to show that he falls within one or more of the exceptions.

While it is true that an information should not be stricken on pure technicalities and where the substance of the offense charge is adequately conveyed to defendant, nevertheless, it has always been required that sufficient averments exist and facts be stated to indicate the existence of all essential elements of the offense. Otherwise, the mere reference to the code and section number would be sufficient to inform defendants by reference of the language of the law applicable to the charge being brought. The essential is the statement of facts, not merely the substance of the statutory prohibition, and the necessary facts here are the operation in fact of a motor vehicle not on the right side of a highway of sufficient width and which is not a two-way street.

Upon the record before us we, therefore, must and do this August 16, 1967, grant the motion to quash the information and discharge defendant with all costs to be paid by the county.